[Civ. No. 6199.   Second Appellate District, Division One.—January 28, 1929.]

PASADENA NATIONAL BANK (a Corporation), Respondent, v. ALBERT SHORTEN, Appellant.

452

Faries & Williamson for Appellant.

Bicksler, Smith & Parke for Respondent.

YORK, J.—Plaintiff bank obtained judgment in the superior court against defendant on three promissory notes, two of them being notes which the defendant signed and indorsed and both were made payable to order of "myself at Pasadena National Bank"; both were for $2,000, and the third note for $1,250, signed by defendant, was made payable to the order of the Pasadena National Bank, Pasadena, California.

These three notes were delivered to one Irvin Jordan by defendant, and were turned over by Jordan to the plaintiff bank, who gave said Jordan full credit therefor upon its books, and the said Jordan withdrew the whole of said amount.

The peculiarity of the transaction can be briefly stated as follows: The defendant met said Irvin Jordan at the Standard Union Finance Corporation, with which organization said Jordan was then connected. Said Jordan informed him that he was about to become the principal owner of the Pasadena National Bank and that if defendant would sign the notes, Jordan would secure the money for the said defendant at said bank. The defendant testified that he received absolutely nothing excepting this promise from Irvin Jordan for said three notes. Thereafter, Jordan for a short time was in control of the Pasadena National Bank, but was ousted from control, and, according to the evidence, was for a time apparently a fugitive from justice. The plaintiff instituted suit upon these notes and immediately thereafter, at the demand of the bank examiner, the directors of the Pasadena National Bank put up, hurriedly and informally, but personally, sufficient moneys to protect the bank for the full amount of these notes. The action proceeded in the name of the bank.

■ The first objection of the appellant is, that the trial court allowed an amendment to the complaint, which was an amendment to conform to the proof, to be filed at the time of trial. An examination of the record discloses the fact that the trial judge properly exercised his discretion.

The next point made by appellant is that the court abused its discretion in refusing to grant a continuance to the defendant after the filing of the amendment to the complaint. An examination of the record discloses that this was not an abuse of the discretion vested in the trial court.

■ As to the third point reciting certain alleged errors in findings of fact, there was sufficient evidence to support each of these findings complained of; therefore, this court cannot interfere with the findings as made.

■ The fourth point made by appellant: that the bank was not an innocent purchaser for value before maturity, is not well taken. There is no evidence that the bank itself was in possession of any information as to any fraud committed by Irvin Jordan on the defendant, and the notes were handed to the bank and accepted by the bank *before* the said

454

Irvin Jordan became connected in any way with said institution.

■ The fifth objection: that the bank is not the real party in interest, and the defendant, therefore, would not be protected by the judgment from further litigation, is not well taken. The notes were filed as evidence in the case, and the bank was properly the real party to bring the action.

■ The sixth objection of appellant is that the directors became purchasers after the maturity of the notes, and that, therefore, all defenses are available against the bank, particularly the objection that the directors were either the purchasers after maturity with notice of fraud, or else the directors paid the full amount of the notes. The action was already commenced before the directors' money was deposited with the plaintiff bank, and the circumstances relating to that deposit do not establish that the directors either purchased or paid the notes.

■ The other point of appellant that, as to the third note, there was a total failure of consideration, is answered by the record, which discloses the fact that this note was handed to Irvin Jordan for the purpose of having said Jordan secure money for the defendant Albert Shorten at the plaintiff bank. Jordan was to take the notes there and secure the money, which he did. The fact that the money was not turned over by Jordan to the defendant, as he promised defendant he would do, is not a defense available to appellant. The said Irvin Jordan was not, at the time of the transaction between himself and the appellant, either a director or officer of the plaintiff bank, his connection with the bank having occurred after that time.

The judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.